BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
KASSANDRA MCGRADY, IDAHO STATE BAR NO. 8455
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

U.S. COURTS

OCT 08 2019

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

UNITED STATES OF AMERICA,

Plaintiff,

vs.

AARON JOHN LANE,

Defendant.

Case No. CR 19-0309-N BLW

**INDICTMENT**

18 U.S.C. § 2251(a)
18 U.S.C. § 2251(e)
18 U.S.C. § 2252A(a)(2)(A)
18 U.S.C. § 2252A(b)(1)
18 U.S.C. § 2253(a)
18 U.S.C. § 2256(8)(A)
18 U.S.C. § 2260A

The Grand Jury charges:

### COUNT ONE

**Sexual Exploitation of Children**
**18 U.S.C. § 2251(a), 2251(e), 2256(8)(A)**

On or about February 16, 2019, in the District of Idaho, the defendant, AARON JOHN LANE, did unlawfully and knowingly employ, use, persuade, induce, entice, and coerce a minor, to-wit: "Jane Doe" to engage in sexually explicit conduct, for the purpose of producing a visual

INDICTMENT - 1

depiction of such conduct, knowing and having reason to know that the visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Sections 2251(a), 2251(e), and 2256(8)(A).

### SPECIAL ALLEGATION

It is further alleged that the defendant's production of child pornography in the manner alleged above, occurred subsequent to the defendant's conviction under state law relating to aggravated sexual abuse, sexual abuse, or abusive sexual contact involving a minor or ward, to-wit: AARON JOHN LANE was convicted of Lewd Conduct with a Minor Under Sixteen, in violation of Idaho Code § 18-1508, in the Third Judicial District of the State of Idaho, in case number CR98-04131*C.

### COUNT TWO

**Receipt of Child Pornography**
**18 U.S.C. §§ 2252A(a)(2)(A), (b)(1), and 2256(8)(A)**

On or between August 27, 2018 and May 2, 2019, in the District of Idaho, the defendant, AARON JOHN LANE, did unlawfully and knowingly receive child pornography, as defined in Title 18, United States Code, Section 2256(8), to-wit: images depicting "Jane Doe" engaging in sexually explicit conduct, using any means and facility of interstate and foreign commerce, and that had been transported in and affecting interstate and foreign commerce by any means, including by computer, all in violation of Title 18, United States Code, Sections 2252A(a)(2)(A), (b)(1) and 2256(8)(A).

**INDICTMENT - 2**

## SPECIAL ALLEGATION

It is further alleged that the defendant's receipt of child pornography in the manner alleged above, occurred subsequent to the defendant's conviction under state law relating to aggravated sexual abuse, sexual abuse, or abusive sexual contact involving a minor or ward, to-wit: AARON JOHN LANE was convicted of Lewd Conduct with a Minor Under Sixteen, in violation of Idaho Code § 18-1508, in the Third Judicial District of the State of Idaho, in case number CR98-04131*C.

## COUNT THREE

### Penalties for Registered Sex Offenders
### 18 U.S.C. § 2260A

The defendant, AARON JOHN LANE, committed the felony offense involving a minor charged in Counts One of this Indictment at a time when the defendant was required by Federal or other law to register as a sex offender, all in violation of Title 18, United States Code, Section 2260A.

## CRIMINAL FORFEITURE ALLEGATION

### 18 U.S.C. § 2253(a)

Upon conviction of the offenses alleged in Count One or Count Two of this Indictment, the defendant, AARON JOHN LANE, shall forfeit to the United States his interest in (1) any visual depiction described in 18 U.S.C. § 2252A, and any matter, which contains any such visual depiction, which was produced, transported, mailed, shipped, or received, or attempted to be produced, transported, mailed, shipped or received in violation of 18 U.S.C. § 2252A; (2) any property, real or personal, used or intended to be used to commit or to facilitate the commission of the foregoing offense; and (3) any property, real or personal, that constitutes or is derived from proceeds traceable to such offense.

The property to be forfeited includes, but is not limited to, the following:

1. <u>Seized Property.</u>

    a. A LG cellular phone, IMEI 356694093104727;

    b. A Motorola cellular phone, IMEI 359527091810852.

2. <u>Substitute Assets.</u>  Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the defendant's assets subject to forfeiture.  The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third person;

    c. Has been placed beyond the jurisdiction of the court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which cannot be subdivided without difficulty.

Dated this 8th day of October, 2019.

A TRUE BILL

/s/ [signature on reverse]
FOREPERSON

BART M. DAVIS
UNITED STATES ATTORNEY
By:

KASSANDRA MCGRADY
Assistant United States Attorney

**INDICTMENT - 4**